**UNPUBLISHED ORDER**

Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted February 9, 2009
Decided February 9, 2009

**Before**

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. JOEL M. FLAUM, *Circuit Judge*

Hon. ILANA D. ROVNER, *Circuit Judge*

| | |
|---|---|
| UNITED STATES OF AMERICA | Appeal from the United States |
| *Plaintiff-Appellee,* | District Court for the Northern |
| | District of Illinois, Eastern Division. |
| No. 08-2371 | |
| | No. 00 CR 142 |
| JESSE J. JOHNSON, | |
| *Defendant-Appellant.* | Elaine E. Bucklo, |
| | Judge. |

## ORDER

Jesse Johnson pleaded guilty to possession of cocaine and crack cocaine with intent to distribute, and was sentenced to 188 months imprisonment.  On March 14, 2002, this Court affirmed Johnson's conviction and sentence.  A few years later, the defendant filed a *pro se* motion to reduce his sentence under 18 U.S.C. § 3582(c)(2) in light of the Sentencing Commission's retroactive amendments to the crack cocaine guidelines.  In his motion, Johnson

claimed that the district court had authority to reduce his sentence below the two offense-level reduction authorized by the Sentencing Commission. The district court rejected defendant's contention in this regard, reducing Johnson's sentence only by the two levels allowed in the retroactive amendments. Johnson now appeals.

Our recent opinion in *United States v. Cunningham*, No. 08-2901 (7th Cir. Feb. 4, 2009) dealt with this same issue. In that case, we concluded that, with an exception not relevant here, district courts do not have authority to reduce a defendant's sentence under § 3582(c)(2) to a sentence lower than the retroactive Guideline amendment range. We adopt the reasoning and holding of that case, and therefore **AFFIRM** the judgment of the district court.